UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

IN RE: REQUEST FOR JUDICIAL
ASSISTANCE FROM THE PEOPLE'S
COURT OF DAK LAK PROVINCE,
VIETNAM, IN THE MATTER OF
VO THI NOI

CASE NO.    1:22-mc-0011

_____/

## GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782

Now comes the United States of America, by its counsel, Jessica D. Aber, United States Attorney for the Eastern District of Virginia, and Peter B. Baumhart, Assistant United States Attorney, and submits this Memorandum of Law in support of the *Ex Parte* Application for Order, pursuant to 28 U.S.C. § 1782, to execute a Letter of Request from judicial authorities in Dak Lak Province, Vietnam for international judicial assistance to obtain certain testimony from Si Viet Le.[1]

---

[1] *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("It is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45[(d)](3)."). *See also In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas."); *In re Letter of Request from Supreme Ct. of Hong Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991); *In re Application of Masters for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, 315 F. Supp. 3d 269, 272 (D.D.C. 2018); *In re Anglin*, No. 7:09cv5011, 2009 WL 4739481, at *1-2 (D. Neb. Dec. 4, 2009). Note, even though these applications are generally filed *ex parte*, they do not need to be filed under seal. *See, e.g.* Order denying Motion to Seal U.S.'s Application for *Ex Parte* Order Appointing Commissioner Pursuant to 28 U.S.C. § 1782, *In re Mutual Assistance of Local Court of Wetzlar, Germany*, 1:17-mc-00078-SKO, 2018 WL 306678, at *3 (E.D. Cal. Jan. 5, 2018).

# INTRODUCTION

The request for international judicial assistance comes from The People's Court of Dak Lak Province, Vietnam (the "Vietnamese Court"). Specifically, that court has issued a Letter of Request requesting judicial assistance to obtain testimony for use in the case captioned *In The Matter of Vo Thi Noi*, Foreign Reference Number 366/TTTPDS-TA16. *See* Letter of Request dated August 4, 2021, Exhibit 2 to Declaration of Assistant United States Attorney Peter B. Baumhart ("Baumhart Decl.").

The facts of the underlying case, as stated in the Letter of Request, indicate that it is a civil proceeding in which the Vietnamese Court is adjudicating the inheritance of Vo Thi Noi. In order to make its determination, the Vietnamese Court is requesting written answers to interrogatories from Si Viet Le.

The Vietnamese Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance ("OIJA") in Washington D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 ("HCCH 1970 Evidence Convention").

The request was then transmitted to the U.S. Attorney's Office for the Eastern District of Virginia ("EDVA") for execution in accordance with 28 C.F.R. § 0.49(c). Following unsuccessful attempts to obtain the requested information from the witness voluntarily, authority must be obtained from this Court to execute these requests for international judicial assistance. 28 U.S.C. § 1782.

## ATTEMPTS TO OBTAIN THE REQUESTED INFORMATION

On February 1, 2022, OIJA Trial Attorney Krysta M. Stanford wrote to Si Viet Le regarding the request for judicial assistance received from the Vietnamese Court, enclosing a form

Execution Affidavit of Letter Request to be completed, and requested that it be returned to OIJA no later than February 25, 2022. Baumhart Decl., Exhibit 4. Ms. Stanford wrote to Si Viet Le again on March 1, 2022, and on March 30, 2022, requesting that Si Viet Le complete the Execution Affidavit of Letter Request and return it to OIJA within a specified timeframe. All three packages were successfully delivered via Federal Express to Si Viet Le's residence. Baumhart Decl., Exhibits 5-6. On April 28, 2022, at OIJA's request, Assistant U.S. Attorney Peter B. Baumhart sent Si Viet Le a letter via U.S. Certified Mail requesting that he contact EDVA to make arrangements to provide the written answers. Baumhart Decl., Exhibit 7.

To date, Si Viet Le has not provided responses to the interrogatories despite being provided ample opportunity to do so voluntarily.

## ARGUMENT

**I.     THE HCCH 1970 EVIDENCE CONVENTION**

The HCCH 1970 Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." HCCH 1970 Evidence Convention pmbl. The HCCH 1970 Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The HCCH 1970 Evidence Convention is in force in both the United States and Vietnam. Hague Conference on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited May 31, 2022)

3

(The HCCH 1970 Evidence Convention entered into force in Vietnam on May 3, 2020).

Article 10 of the HCCH 1970 Evidence Convention provides that:

> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

HCCH 1970 Evidence Convention, art. 10. Furthermore, Article 9 of the HCCH 1970 Evidence Convention provides, in pertinent part, that: "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'" *Id*. at art. 9.

Under Article VI of the United States Constitution, treaties, such as the HCCH 1970 Evidence Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *See Bell v. Clark*, 437 F.2d 200, 203 (4th Cir. 1971); *see also Gandara v. Bennett*, 528 F.3d 823, 830 (11th Cir. 2008) (stating that self-executing treaties are "immediately and directly binding on state and federal courts pursuant to the Supremacy Clause") (Rodgers, J., concurring) (quoting *Medellin v. Texas*, 552 U.S. 491, 510 (2008)); *Bishop v. Reno*, 210 F.3d 1295, 1299 (11th Cir. 2000) (concluding that "an Act of Congress" is on "full parity with a treaty") (quoting *Reid v. Covert*, 354 U.S. 1, 18 (2000).

## II. STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION.

The authority for this Court to assist foreign tribunals in obtaining testimony is contained in 28 U.S.C. § 1782. This section states:

> <u>Assistance to foreign and international tribunals and to litigants before such tribunals</u>
>
> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a

> foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a); *see also Aerospatiale*, 482 U.S. at 529 (providing a brief history of the HCCH 1970 Evidence Convention). Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988) (discussing several historical instances in which Congress has broadened § 1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on other grounds by Intel Corp.*, 542 U.S. 241. District courts have repeatedly appointed Assistant United States Attorneys to act as commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts in response to a request for assistance. *See, e.g., In re Clerici,* 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of an Assistant United States Attorney to obtain sworn answers to questions posed in letters rogatory); *see also In re Request for Judicial Assistance*

*From the Nat'l Court of Original Jurisdiction No. 68 in Buenos Aires, Argentina*, 2019 WL 5528394 (M.D. Fla. Oct. 25, 2019) (appointing Department of Justice Attorney commissioner to obtain evidence from Merrill Lynch).

This Court is authorized to provide assistance to the Vietnamese Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person or document for which discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." *In re Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery,* 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004); *see also* S. Rep. No. 88-1580 at 2 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3783 (providing Congress' general statement regarding the purpose behind the statute); *Intel*, 542 U.S. at 248-49 (providing a brief history of Section 1782 and federal court aid to foreign tribunals).

Here, each of these threshold statutory requirements is easily met. First, Si Viet Le "resides or is found in" the Eastern District of Virginia because the witness resides in Bristow, Virginia. *See* Baumhart Decl., Exhibit 2. Second, the Letter of Request explains that the testimony is "for use in a proceeding before a foreign tribunal" as such testimony is needed to adjudicate a civil matter regarding the inheritance of Vo Thi Noi. *Id*. Third, the Letter of Request itself also reflects that it "is made by a foreign or international tribunal." *Id*.

### III. DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION.

"[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264. Indeed, § 1782 "affords the district courts 'wide discretion' in responding to requests for assistance in proceedings before foreign tribunals."

*Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000) (quoting *In re Esses*, 101 F.3d 873, 876 (2d. Cir. 1996)). The Supreme Court has set forth certain discretionary factors for a district court to consider before granting a request for judicial assistance:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign entity to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the requested information is unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264-65. "In exercising its discretion under § 1782, the district court should be guided by the statute's twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Al Fayed*, 210 F.3d at 424 (quoting *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992)); *see also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Vietnamese Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech,* 748 F. Supp. 2d 522, 526 (E.D. Va. 2010); *see also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). Si Viet Le is not a party to the proceedings and is not subject to the Vietnamese Court's jurisdiction because

7

he is located in Bristow, Virginia; thus, the first factor weighs in favor of granting the motion.

Second, there is nothing in the Letter of Request to suggest that this Court should decline to grant the Application based on the nature of the Vietnamese Court or the character of the proceedings. Additionally, this request was initiated by the Vietnamese Court and not by an independent party; therefore, the Vietnamese Court is clearly receptive to the assistance of this Court and the second factor weighs in favor of granting the motion. *See In re Svitavy*, 748 F. Supp. 2d at 527 (discussing a specific application of the second *Intel* factor).

With respect to the third factor, because the requester is the Vietnamese Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Vietnamese discovery rules or to thwart policies of either the United States or Vietnam. *See id.* at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). Therefore, the third *Intel* factor weighs in favor of granting the Vietnamese Court's request for judicial assistance.

And with respect to the fourth factor, the request seeks written responses to interrogatories and therefore would not be unduly intrusive or burdensome. *See, e.g., id.* (holding that providing a DNA by buccal swab is not unduly burdensome); *see also In re Clerici,* 481 F.3d at 1335 (holding that it was the witness's burden to file a motion to limit discovery, and as he had not done so, the Court was not going to address the scope of the request). Thus, the fourth factor also weighs in favor of granting the request.

In summary, consideration of the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the Vietnamese Court.

## CONCLUSION

Attached to the Declaration of Assistant United States Attorney Peter Baumhart is the proposed subpoena that this office intends to serve (in substantially similar format) on Si Viet Le should the Court grant the Application pursuant to 28 U.S.C. § 1782. Upon receipt, the affidavit will be sent to the Department of Justice, Civil Division, Office of International Judicial Assistance for transmission to the People's Court of Dak Lak Province, Vietnam.

WHEREFORE, the United States respectfully requests that the Court issue an Order, in the form appended to this Memorandum below, appointing Assistant United States Attorney Peter Baumhart Commissioner for the purpose of issuing a subpoena to execute the request for international judicial assistance.

Dated: May 31, 2022                                             Respectfully submitted,

                                                                        JESSICA D. ABER
                                                                       UNITED STATES ATTORNEY

By:            /s/
                        PETER B. BAUMHART
                        Assistant U.S. Attorney
                        United States Attorney's Office
                        Eastern District of Virginia
                        2100 Jamieson Avenue
                        Alexandria, VA 22314
                        (703) 299-3738

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM THE PEOPLE'S COURT OF DAK LAK PROVINCE, VIETNAM, IN THE MATTER OF VO THI NOI | CASE NO.   1:22-mc-0011 |

**[PROPOSED]** *EX PARTE* **ORDER**

WHEREAS, the United States, by its counsel, on behalf of the People's Court of Dak Lak Province, Vietnam, in *The Matter of Vo Thi Noi*, Foreign Reference Number 366/TTTPDS-TA16, through its Application pursuant to 28 U.S.C. § 1782, is seeking to obtain testimony from Si Viet Le, for use in connection with a judicial proceeding in the People's Court of Dak Lak Province, Vietnam; and

WHEREAS upon review of the Letter of Request issued by the People's Court of Dak Lak Province, Vietnam in *The Matter of Vo Thi Noi,* seeking evidence from individuals or entities who may be found within the jurisdiction of this Court for use in said judicial proceedings in Vietnam, and the Court being fully informed in the premises.

NOW THEREFORE, it is ORDERED AND ADJUDGED, pursuant to the authority contained in Title 28, United States Code Section 1782(a) and Rule 28(a) of the Federal Rules of Civil Procedure that Peter B. Baumhart, Assistant United States Attorney for the Eastern District of Virginia, is hereby appointed Commissioner of this Court, to obtain by subpoena the requested evidence from Si Viet Le in the form of a written affidavit for transmission to the Office of International Judicial Assistance, United States Department of Justice, for transmission to the

District Court for The People's Court of Dak Lak Province, Vietnam in *The Matter of Vo Thi Noi*; and to do all else that may be necessary for the accomplishment of the purpose of this Order.

    IT IS FURTHER ORDERED that the U.S. Department of Justice shall provide Si Viet Le in Bristow, Virginia with a copy of this Order and the accompanying documents.

    This the \_\_\_\_ day of _____, 2022.

    _____
    UNITED STATES DISTRICT JUDGE